Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WINSTON,<br><br>   Plaintiff,<br><br>   v.<br><br>CREDIT COLLECTION SERVICES, INC.,<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br>**2. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.***<br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE. § 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

MICHAEL WINSTON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT COLLECTION SERVICES, INC. ("Defendant"):

- 1 -
PLAINTIFF'S COMPLAINT

# INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

# JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4. This Court has supplemental subject-matter jurisdiction over the RFDCPA claims in this action under 28 U.S.C. § 1367(a) as a state-law claim arising

from the same nucleus of operative facts as Plaintiff's claims under the FDCPA and TCPA over which this Court has original jurisdiction.

5.      This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of California and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of California.

6.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

7.      Plaintiff is a natural person residing in Vallejo, California.

8.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.      Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

10.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA by 15 U.S.C. § 1692k(a). See e.g., Wenrich v. Robert E. Cole, P.C, 2001 WL 4994, at *3 (December 22, 2000).

11.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 725 Canton Street, Norwood, Massachusetts 02062.

13. Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

14. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

16. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

18. Plaintiff has a cellular telephone number.

19. Plaintiff has only used this phone number as a cellular telephone.

20.     Beginning in or around October 2015 and continuing through in or around late February 2018, Defendant repeatedly called Plaintiff on his cellular telephone.

21.     Upon information and belief, Defendant was contacting Plaintiff to collect a debt that arose from personal, family or household purposes.

22.     Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

23.     In or around December 2015 or January 2016, Plaintiff told Defendant he did not wish to be contacted.

24.     On subsequent calls through February 2018, Plaintiff repeated his instruction to Defendant not to call.

25.     Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

26.     Once Defendant was aware Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

27.     Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff through late February 2018.

28. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

29. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

30. Defendant's calls were not placed for emergency purposes.

31. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure,.

32. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED§§ 1692d AND 1692d(5) OF THE FDCPA

33. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

34. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

35. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with the intent to annoy, abuse or harass any person at the called number.

36. Defendant violated both Sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint knowing that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

39. Defendant initiated repeated calls to Plaintiff's cellular telephone.

40. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

41. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

42. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

43. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

44. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

45. When Defendant called Plaintiff from around October 2015 through around February 2018, it knew no later than Plaintiff's instruction to stop calling in December 2015 or January 2016 that it did not have prior express consent to call Plaintiff.

46. When Defendant called Plaintiff from around October 2015 through around February 2018, it knew it was placing calls to a cellular telephone.

47. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

48. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

## COUNT III
## DEFENDANT VIOLATED
## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

49.  Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

50.  Section 1788.17 of the California Civil Code requires debt collectors as defined under Cal. Civ. Code § 1788.2(c) attempting to collect a consumer debt in California to comply with Sections 1692b through 1692j of the FDCPA.

51.  As outlined above in Count I, Defendant violated Sections 1692d of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint.

52.  Defendant therefore violated the Rosenthal Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, MICHAEL WINSTON, respectfully prays for a judgment as follows:

    a)  All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

    b)  Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A));

c) All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

d) All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff under the RFDCPA at Cal. Civ. Code § 1788.17;

e) All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

f) Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

g) Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

h) Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

i) Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL WINSTON, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: 2/11/19 | By: /s/ Amy Lynn Bennecoff Ginsburg<br>Amy Lynn Bennecoff Ginsburg, Esq. (275805)<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Telephone: (215) 540-8888<br>Facsimile (215) 540-8817<br>Email: aginsburg@creditlaw.com<br>Attorney for Plaintiff |

PLAINTIFF'S COMPLAINT